UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TYRONE LYLE,<br><br>            Petitioner,<br><br>vs.<br><br>FNU HOLLENCHICK,<br><br>            Respondent. | ) Case No. CV 09-9179-SJO(RC)<br>)<br>)<br>) OPINION AND ORDER<br>)<br>)<br>)<br>)<br>) |

On December 14, 2009, petitioner Michael Tyrone Lyle, a federal inmate confined in this judicial district, filed a purported petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his conviction in the United States District Court for the District of Maryland case no. CR JFM-02-0395 on the ground the district court improperly accepted his guilty plea to an unindicted offense.

**BACKGROUND**

"On October 20, 2003, the [district] court sentenced [petitioner] to 210 months incarceration after he pleaded guilty to conspiracy to distribute and possess with intent to distribute narcotics in violation of 21 U.S.C. § 846 [count 1] and possession of a firearm in

1 furtherance of a drug trafficking crime in violation of 19 U.S.C.
2 § 924(c) [count 3].  On April 13, 2005, the court entered an amended
3 judgment sentencing [petitioner] to a total term of 123 months
4 incarceration.  [Petitioner] did not appeal."[1]  Lyle v. United States,
5 2007 WL 3071429, *1 (D. Md.) (unreported opinion) (citation omitted).
6 In 2007, petitioner filed a motion to vacate, set aside or correct his
7 sentence under 28 U.S.C. § 2255 in the District Court for the District
8 of Maryland, and the district court found the motion was untimely and
9 dismissed it on October 17, 2007.[2]  Id.

11    On September 4, 2008, petitioner filed a second motion to vacate,
12 set aside, or correct his sentence under 28 U.S.C. § 2255 in the
13 District Court for the District of Maryland, which the district court
14 found to be a successive petition and dismissed for lack of subject
15 matter jurisdiction on September 19, 2008.  Lyle v. United States,
16 2008 WL 4372385, *1 (D. Md.).

18    On March 23, 2009, petitioner filed his third motion to vacate
19 sentence under 28 U.S.C. § 2255 in the District Court for the District
20 of Maryland, and the district court also found this motion to be a
21 successive motion and dismissed it for lack of subject matter

---

[1] The Court takes judicial notice, pursuant to Fed. R. Evid. 201, of the docket sheet in District of Maryland case no. CR-JFM-02-0395.

[2] The district court, in dismissing the Section 2255 motion as untimely, specifically noted that petitioner "pled guilty to the offense.  He has not alleged the discovery of any new facts concerning his case."  Lyle, 2007 WL 3071429 at *1.

2

jurisdiction.  Lyle v. United States, 2009 WL 901523, *1 (D. Md.).

Finally, on June 3, 2009, petitioner filed a petition for writ of mandamus in the Fourth Circuit Court of Appeals "seeking an order directing the district court to correct its jurisdictional error."[3] In re Lyle, 332 Fed. Appx. 110, *1 (4th Cir. 2009).  However, the Fourth Circuit denied the petition on August 26, 2009, finding "[m]andamus may not be used as a substitute for appeal."  Id.

**DISCUSSION**

The Court, having reviewed the pending habeas petition purportedly under Section 2241, has determined it is another motion to vacate, set aside or correct petitioner's sentence under 28 U.S.C. § 2255, rather than a habeas corpus petition under Section 2241.  See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam) ("[A] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue.").  In making this determination, the Court has considered whether the pending action comes within Section 2255's "savings clause," and, for the reasons discussed below, has determined it does not.

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241."  Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations

---

[3] In the petition for writ of mandamus, petitioner raised a claim similar to the claim he raises herein.

1  omitted), cert. denied, 127 S. Ct. 1896 (2007); Harrison v. Ollison,
2  519 F.3d 952, 955-56 (9th Cir. 2008).  There is an exception to this
3  general rule, however, known as the "escape hatch" or "savings
4  clause," which provides that "[a] federal prisoner may file a habeas
5  petition under § 2241 to challenge the legality of a sentence when the
6  prisoner's remedy under § 2255 is 'inadequate or ineffective to test
7  the legality of his detention.'"[4]  Harrison, 519 F.3d at 956;
8  Stephens, 464 F.3d at 897.  The petitioner has the burden of
9  demonstrating Section 2255 is "inadequate or ineffective."  Redfield
10 v. United States, 315 F.2d 76, 83 (9th Cir. 1963).  However, "the ban
11 on unauthorized second or successive petitions does not per se make a
12 § 2255 'inadequate or ineffective.'"  Stephens, 464 F.3d at 898
13 (citation and internal quotation marks omitted); Lorentsen v. Hood,
14 223 F.3d 950, 953 (9th Cir. 2000).  Here, petitioner does not explain
15 why he did not, or could not, attempt to obtain authorization from the
16 Fourth Circuit to file a second or successive motion under Section
17 2255 raising his claim.  Thus, petitioner has failed to show his
18 remedy under Section 2255 is "inadequate or ineffective" and he cannot
19 invoke the "savings clause" to proceed under Section 2241.

21     Since the pending action is a motion to vacate sentence under 28
22 U.S.C. § 2255, and not a habeas corpus petition under Section 2241,
23 this Court does not have jurisdiction to consider petitioner's motion.

---

[4] "[A] motion meets the escape hatch criteria of § 2255 'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'"  Harrison, 519 F.3d at 959 (citation omitted); Stephens, 464 F.3d at 898.  Here, petitioner, who pleaded guilty, does not, and cannot, claim "actual innocence."

See 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move **the court which imposed the sentence** to vacate, set aside or correct the sentence." (emphasis added)).  Here, the District of Maryland is the only proper forum for petitioner's Section 2255 motion.  However, in light of petitioner's three previous Section 2255 motions, this Court declines to exercise its discretion to transfer this action to the District of Maryland, 28 U.S.C. § 1631, and instead dismisses this action without prejudice for lack of jurisdiction.  Stephens, 464 F.3d at 899.

**ORDER**

IT IS HEREBY ORDERED that the pending action be construed as a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255 and, as such, Judgment should be entered dismissing the action without prejudice for lack of jurisdiction.

DATE: 12/21/09

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE: _____

ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&R-MDO\09-9179.mdo
12/17/09